IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHNNY KIRKLAND,** | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 15-0274-KD-C |
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | | |

## ORDER

This action is now before the Court on the second amended complaint filed by plaintiff Johnny Kirkland, which the Court construed as a motion for leave to amend the complaint and the response in opposition and alternative motion to dismiss filed by Defendant Progressive Specialty Insurance Company (docs. 11, 12, 13).  A hearing on the motion was held October 27, 2015.  Plaintiff Kirkland and counsel for Defendant Progressive were present for the hearing. Upon consideration, and for the reasons set forth herein, the motion for leave to amend is GRANTED, the second amended complaint is deemed filed, the action is REMANDED to the Circuit Court of Monroe County, Alabama and the alternative motion to dismiss is DISMISSED for lack of jurisdiction.

Kirkland filed his complaint against his insurer Progressive in the Circuit Court of Monroe County, Alabama seeking damages resulting from a motor vehicle accident. Progressive removed the action to this Court on basis of diversity jurisdiction. Kirkland is an Alabama citizen and Progressive is an Ohio corporation with its principal place of business in Ohio, and thus a citizen of Ohio.  Kirkland alleged an amount of damages that exceeded the jurisdictional amount

under 28 U.S.C. § 1332.

Progressive then filed a motion to dismiss the complaint arguing that Kirkland had failed to state a claim for breach of the insurance contract. The Magistrate Judge entered a report and recommendation that the action be dismissed without prejudice. The Magistrate Judge found that Kirkland had alleged "sufficient facts in the complaint to establish" that the driver of the other vehicle involved in the accident, Raymond Luker, "was at fault and the extent of damages caused by the accident." (Doc. 6, p. 7, n. 4)   However, the Magistrate Judge found that Kirkland had failed to allege facts "to suggest that Luker was uninsured or underinsured at the time of the accident" (*Id.*, at p. 7); and therefore, he had not stated a valid breach of contract claim against Progressive.

The Court adopted the findings in part but allowed Kirkland an opportunity to amend his complaint to correct the deficiency identified in the report and recommendation. Kirkland filed his first amended complaint. However, the complaint was stricken because he did not correct the deficiency. Kirkland was given another opportunity. He filed his second amended complaint alleging that Luker had automobile insurance with Alfa Insurance Company, and that he had contacted Alfa but was not told what type of insurance. Kirkland also amended his complaint to add Luker as a defendant.

Because Kirkland's second amended complaint exceeded the scope of the Court's order allowing a second chance to amend, the Court construed the second amended complaint as a motion for leave to amend. Progressive was given an opportunity to respond. In response, Progressive argued that Kirkland's motion should be denied because he failed again to follow the Court's order to allege whether Luker was uninsured or underinsured at the time of the accident. As to amending the complaint to add Luker, Progressive argued that the applicable factors weigh

in favor of denying the motion.  Progressive also argued that the complaint should be dismissed for failure to state a claim.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  When deciding whether to grant a motion for leave to amend that would add a non-diverse defendant, the Court must consider the original defendant's choice of the federal forum with the competing interest in not creating parallel actions.  *Hensgen v. Deere & Co.,* 833 F. 2d 1179, 1182  (5th Cir. 1987) *cert. denied,* 493 U.S. 851, 110 S. Ct. 150 (1989) ("Justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.").  However, "[i]n balancing the equities, the parties do not start out on an equal footing." *Sexton v. G & K Services, Inc.*, 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999). The diverse defendant Progressive has a right to choose between a state or federal forum and this option is the purpose of the removal statutes. *Bevels v. American States Ins. Co.,* 100 F.Supp.2d 1309, 1313 (M.D. Ala. 2000).

To decide whether to allow the amendment, the Court may consider "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities" *Hensgen,* 833 F. 2d at 1182.  After consideration of the factors, the district court has two options (1) deny joinder; or (2) permit joinder and remand the action to the state court. *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).  Also, because the amendment would add a non-diverse defendant in a removed case, the court should scrutinize the amendment more

3

carefully than an amendment pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *Sexton v. G & K Services, Inc.,* 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999).

The Court finds that Kirkland did not move to add Luker for the purpose of defeating federal diversity jurisdiction because Kirkland attempts to state a cause of action against Luker as the driver of the vehicle that hit Kirkland's vehicle.[1] The Court also finds that Kirkland was not dilatory in moving to amend to add Luker, but instead, as a *pro se* plaintiff, was not experienced as to how to proceed. The Court further finds that Kirkland would be injured because his case will be dismissed unless he is able to determine whether Luker has insurance. Therefore, upon application of the relevant factors, the Court finds that the balance of the equities weigh in favor of allowing Kirkland's second amended complaint.

Accordingly, the motion for leave to amend is GRANTED, the second amended complaint is deemed filed, and Luker is joined as a defendant in this action. Further, the Court finds that the action is due to be remanded to the Circuit Court of Monroe County, Alabama. 28 U.S.C. § 1447(e). Additionally, the Court is without jurisdiction to consider Progressive's alternative motion to dismiss. Therefore, the motion is dismissed for lack of jurisdiction.

**DONE** this 29th day of October 2015.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE

---

[1] Kirkland alleges that as a result of Luker's "negligence, carelessly, recklessly, and unlawfulness cause the plaintiff injury to his health and activity" (*sic*), that "[as] a result of Raymond Luker negligence the plaintiff was required to and did employ physicians for medical examination and treatment" and incurred medical expenses (*sic*); and that "Luker had a duty to perform which was under the law to drive the speed limit in a parking lot, and drive carefully . . ." (Doc. 11, p. 2-3).